IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 13, 2021

**STATE OF TENNESSEE v. MARIO NATHANIEL WADE**

**Appeal from the Criminal Court for Davidson County**
**No. 2017-A-103      Jennifer Smith, Judge**
_____

**No. M2020-01518-CCA-R3-CD**
_____

In this delayed appeal, Mario Nathaniel Wade, Defendant, challenges his convictions for robbery and carjacking. Defendant asserts that the evidence was insufficient to support the convictions, that the trial court erred by failing to require the State to make an election with respect to the carjacking charge, and that he was sentenced improperly. After review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Manuel B. Russ (on appeal), and Jay Clifton (at trial), Nashville, Tennessee, for the appellant, Mario Nathaniel Wade.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 19, 2016, Claudia Valencia, the victim, went Christmas shopping in Cool Springs before stopping to pick up some wings for dinner on the way home. When she arrived at her apartment complex, she parked her car in the parking lot. As she opened her car door, she was confronted by a man in a hoodie. He had a teardrop tattoo on his face and said, "Give me your keys." After that, the man "grabbed [her] purse" and "pulled it out of [her] arm and then thr[ew] it in the passenger seat." The man repeatedly demanded

the keys to the car. During the encounter, the man kept one of his hands inside the pocket of the hoodie he was wearing. The man got in the victim's car and started to drive away.

As the car drove away, the victim chased after it. Somehow, she managed to get the passenger door to the car open. As the door came open, her purse fell out onto the pavement. She heard a gunshot just before the man drove off in her car. The victim never saw a gun but was scared and angry as a result of the incident.

Even though it was dark with very little lighting, the victim saw the man's face during the encounter. About forty-five minutes after the incident, the victim identified Defendant as the suspect.

When Officer Miguel Garcia arrived at the scene of the incident, he found the victim was "really upset. Kind of crying, kind of angry, . . . really emotional. . . ." A .25 caliber shell casing was found on the street near the scene. A "be on the lookout" was issued for the victim's car. Police quickly located the car and followed it to a nearby apartment complex. The vehicle was being driven by Defendant. Defendant parked near a mailbox at the apartment complex. Defendant was arrested as he exited the vehicle. Six Hornady 25 caliber bullets were found in Defendant's pocket.

A Phoenix Arms, semi-automatic .25 auto handgun was recovered near the mailbox by someone at the apartment complex after the incident. The shells in the handgun matched the brand of shells found in Defendant's hoodie pocket. Ballistics testing of the shell casing recovered from the scene of the incident matched a shell casing from an unidentified 2016 investigation.

Defendant did not present any proof at trial. The jury found Defendant guilty of robbery and carjacking. At a sentencing hearing, Defendant maintained his innocence. The trial court sentenced Defendant to an effective sentence of fifteen years as a Range II, multiple offender.

There was no motion for new trial filed within the requisite time limit. Defendant filed a petition for post-conviction relief and delayed appeal. The trial court granted Defendant a delayed appeal and held the post-conviction petition in abeyance pending the delayed appeal.

A motion for new trial was filed. The trial court denied the motion, and this appeal followed.

*Analysis*

*Election*

On appeal, Defendant first argues that the trial court erred by failing to require the State to make an election of offenses with regard to the single indictment for carjacking which listed two theories of the commission of the offense. While admitting that he failed to raise the issue at trial or in a motion for new trial, Defendant argues that it was plain error for the trial court to fail to require the State to choose whether they were seeking a conviction on the basis of carjacking committed with the use of a deadly weapon or carjacking committed by the use of force or intimidation. The State insists that Defendant is not entitled to plain error review because there was no unequivocal rule of law breached.

Defendant was indicted in Count Two for carjacking. The indictment alleged that Defendant "intentionally or knowingly [took] a motor vehicle from the possession of [the victim] by use of a deadly weapon or by force or intimidation, in violation of Tennessee Code Annotated § 39-13-404, . . . ." The trial court charged the jury with the entire definition of carjacking which necessarily included two theories of the offense.

Defendant failed to raise this issue in a motion for new trial. Therefore, we may consider this issue only under plain error review. *See* Tenn. R. App. P. 36(b); *State v. Hatcher*, 310 S.W.3d 788, 808 (Tenn. 2010) ("[W]hen 'necessary to do substantial justice,' this Court has the authority to 'consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal.'") (quoting Tenn. R. App. P. 36(b)). For this Court to conclude that plain error occurred, five prerequisites must be satisfied:

> (a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused [must not have] waive[d] the issue for tactical reasons; and (e) consideration of the error [must be] "necessary to do substantial justice."

*State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). All five factors have to be established in order to get plain error relief. *Id.* at 283.

Here, there was no clear and unequivocal rule of law breached. Election of offenses is required when there is evidence at trial that a defendant has committed multiple offenses against a victim. The State must elect the facts upon which it is relying to establish each charged offense. *State v. Johnson*, 53 S.W.3d 628, 630 (Tenn. 2001) (citations omitted). When there is evidence of one offense, even if it can be committed in alternate ways, there is no need for an election. *See State v. Keen*, 31 S.W.3d 196, 208-09 (Tenn. 2000) ("Our

research reveals no case, however, in which we have held that the right to a unanimous jury verdict encompasses the right to have the jury unanimously agree as to the particular theory of guilt supporting conviction for a single crime.") (citations omitted); *State v. Quadarious Devonta Bufford*, No. W2018-00548-CCA-R3-CD, 2019 WL 3072121, at *7 (Tenn. Crim. App. July 12, 2019) ("When . . . there is evidence of only one offense, which can be committed in alternate ways, there is no need for the State to elect the theory under which it seeks conviction."), *perm. app. denied* (Tenn. Dec. 10, 2019). Here, Defendant was charged with one count of carjacking under alternate theories. No election was required. Defendant is not entitled to plain error relief.

*Sufficiency*

Defendant next argues that the evidence was insufficient to support the guilty verdicts. Specifically, Defendant argues that there "was a lack of unanimity as to the means" in which Defendant committed the carjacking. Without pointing to any specific deficiency in the State's proof, Defendant argues that the State "failed to produce adequate proof" to support the conviction for robbery. The State insists that the proof was sufficient to support both convictions.

Well-settled principles guide this Court's review when a defendant challenges the sufficiency of the evidence. A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). The burden is then shifted to the defendant on appeal to demonstrate why the evidence is insufficient to support the conviction. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). On appeal, "the State is entitled to the strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom." *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003). As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). We may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

Defendant was convicted of carjacking and robbery. Carjacking is "the intentional or knowing taking of a motor vehicle from the possession of another by use of: (1) [a] deadly weapon; or (2) [f]orce or intimidation." T.C.A. § 39-13-404(a). The proof established that Defendant approached the victim as she was exiting her car. He demanded her keys repeatedly, pulled her purse off of her arm and threw it in the passenger seat before he took off in her car. The victim managed to open her car door and her purse fell out as Defendant drove away in her car. She heard a gunshot as Defendant drove off. The victim was upset and scared when officers arrived at the scene. The evidence was sufficient to support the conviction for carjacking.

Defendant fails to present any argument with respect to the sufficiency of the evidence supporting his robbery conviction other than to claim that the State "also failed to produce adequate proof" of the crime. Therefore, this issue is waived. Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument [or] citation to authorities . . . will be treated as waived in this [C]ourt."). Defendant is not entitled to relief on this issue.

*Sentencing*

Defendant challenges his sentence. He argues that the trial court entered into a "sparse analysis" that was "entirely inadequate as a basis to enhance" Defendant's sentence above the minimum by failing to state the specific facts upon which it based the enhancement factors. Defendant also argues that the proof did not support the application of several enhancement factors. As a result, Defendant asks this Court to review the sentence de novo. The State disagrees.

Appellate review of sentencing is for abuse of discretion. We must apply "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (extending presumption of reasonableness to determinations regarding the manner of service of a sentence). In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the Administrative Office of the Courts regarding sentences for similar offenses; (7) any statements the defendant wishes to make on the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258

(Tenn. Crim. App. 1995). The trial court is still required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. *See Bise*, 380 S.W.3d at 706 n.41; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). Thus, under *Bise*, a "sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 710.

Here, the trial court determined that three enhancement factors applied—Defendant had a previous history of convictions and criminal behavior in addition to those necessary to establish the appropriate range; Defendant possessed a firearm during the commission of the offense; and Defendant had no hesitation about committing a crime where the risk to human life was high. T.C.A. §§ 40-35-114(1), (9), (10). The trial court sentenced Defendant to concurrent sentences of eight years as a Range II offender for robbery and fifteen years as a Range II offender for carjacking. The trial court sentenced Defendant to a within-range sentence for each offense and followed the proper sentencing procedure. The trial court did not abuse its discretion. Defendant is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE